NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KHALID MOHAMMAD, | Case Number C 06-02162 JF |
| Plaintiff, | |
| | ORDER[1] DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, et al., | [re: docket no. 2] |
| Defendants. | |

On March 24, 2006, Plaintiff Khalid Mohammad filed a complaint against Defendants Superior Court of California and "DPO: Troy Banuelos" and an application to proceed *in forma pauperis*. Plaintiff currently is serving a five-year probation sentence in California. He alleges that he was charged with contempt for failing to meet the requirement of his probation that he "maintain gainful employment." He alleges that, on January 25, 2006, Judge Villareal "imposed a judgment to punish the plaintiff <u>without due process</u>," imposed additional punishment with deliberate indifference and as an abuse of discretion, and denied Plaintiff's request to testify on

---

[1] This disposition is not designated for publication and may not be cited.

1  his own behalf during sentencing.  As the complaint is presently framed, it appears that, while

2  Plaintiff may be able to pursue remedies for the alleged acts on appeal in the California State

3  Courts, the instant action against the Superior Court of California fails to state a claim upon

4  which relief may be granted because Judge Villareal is entitled to judicial immunity.  *See, e.g.,*

5  *Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedents acknowledges

6  that, generally, a judge is immune from a suit for money damages.").  Judicial immunity "is

7  overcome in only two sets of circumstances.  First, a judge is not immune from liability for

8  nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not

9  immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."

10  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted).  Plaintiff neither alleges

11  nor indicates that Judge Villareal's actions satisfy either exception.  Additionally, it is not clear

12  from the complaint what Defendant Troy Banuelos is alleged to have done that would satisfy the

13  requirements for stating a claim upon which relief may be granted.[2]  Accordingly, Plaintiff's

14  complaint fails to state a claim upon which relief may be granted.

15  Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil

16  action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing

17  fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  The court may deny *in forma*

18  *pauperis* status, however, if it appears from the face of the proposed pleading that the action is

19  frivolous or without merit.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v.*

20  *First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).  Without expressing any

21  opinion as to whether Plaintiff can afford to pay the filing fee, the Court will DENY without

22  prejudice his application to proceed *in forma pauperis* on the ground that the complaint is

23

24  [2] The only paragraph in the complaint that includes allegations involving Troy Banuelos

25  states:

Troy Banuelos initially filed a petition of contempt against the plaintiff for failing
26  to "maintain gainful employment."  While affidavit initiating contempt
proceeding may be based upon information and belief, under hearsay rule, such
27  affidavit is insufficient as evidence to sustain a contempt conviction.  *Freeman v.*
*Superior court*, 282 P.2d 857, 858 (1955).
28

2

1    without merit.

2          IT IS SO ORDERED.

3

4    DATED:  June 29, 2006

5

6

7                                                    _____
                                                     JEREMY FOGEL
8                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1    This Order has been served upon the following persons:

2    Khalid Mohammad
     3050 Lexington Court
3    Marina, CA 93933

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 06-02162 JF
ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(JFLC1)